**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

JOSEPH BARBER,                          )
                                        )
                Plaintiff,              )
                                        )
        v.                              )              No. 1:19-cv-00235-HEA
                                        )
NINA HILL, et al.,                      )
                                        )
                Defendants.             )

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joseph Barber for leave to
commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having
reviewed the motion and the financial information submitted in support, the Court has determined
that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing
fee of $9.99. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, this action
will be dismissed without prejudice for failure to state a claim.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is
required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her
prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial
partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's
account, or (2) the average monthly balance in the prisoner's account for the prior six-month
period. After payment of the initial partial filing fee, the prisoner is required to make monthly
payments of 20 percent of the preceding month's income credited to the prisoner's account. 28
U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $49.93. The Court will therefore assess an initial partial filing fee of $9.99, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. His complaint names Nurse Practitioner Nina Hill and Corizon Medical Services (Corizon) as defendants. (Docket No. 1 at 2-3). Nurse Practitioner Hill is sued in both her individual and official capacities. (Docket No. 1 at 2).

The complaint is typed and is on a Court-provided form. Attached to the complaint is an informal resolution request (IRR), an IRR response, a grievance, a grievance response, a grievance appeal, and a grievance appeal response. The Court has reviewed these exhibits and will treat them as part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

In the "Statement of Claim," plaintiff asserts that he hurt his shoulder while playing handball. (Docket No. 1 at 3). As a result, he was prescribed different medications in an effort to stop his pain. He claims this "created a more serious problem," which occurred because

"defendants [were] trying to save money, and give [him] a less efficacious treatment by just giving [him] pills for pain." Plaintiff states that he suffered a bleeding ulcer, and that an abdominal blockage caused him "to start throwing up blood and feces." This allegedly occurred between March 13, 2018 and February 27, 2019, while plaintiff was at SECC.

With regard to Nurse Practitioner Hill, plaintiff states that Hill "failed to properly diagnose, treat, delayed, and denied proper medical treatment by [resorting] to a less efficacious treatment (Pain Pills) in an attempt to save money, which almost [cost plaintiff his] life." (Docket No. 1 at 4). He further asserts that Nurse Practitioner Hill "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, [policies], customs, and practices" of Corizon.

With regard to Corizon, plaintiff states that Corizon has contracted with the State of Missouri to provide healthcare to inmates in the custody of the Missouri Department of Corrections. He alleges that Corizon "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal[,] unconstitutional, and inhumane conditions, actions, [policies], customs and practice that prevail with SECC inmates."

According to plaintiff's exhibits, plaintiff began complaining about shoulder pain in March 2018. (Docket No. 1-1 at 1). He saw Nurse Practitioner Hill, who prescribed him ibuprofen for his pain. Plaintiff states in his IRR that this did not work at all, so he continued complaining about his pain. At some point, he was also given naproxen, meloxicam, and prednisone. (Docket No. 1-1 at 1, 3). Plaintiff asserts that these medications caused him to develop a bleeding ulcer. (Docket No. 1-1 at 3). An x-ray conducted on August 1, 2018, showed an abdominal blockage caused by blood and feces. He was placed on an IV. The next day, plaintiff alleges that Nurse Practitioner Hill released him from medical, without authorization from the doctor. When plaintiff returned to his

4

housing unit, he states that he began "throwing up blood and feces" and collapsed. He was revived and taken to a hospital, where he received a blood transfusion. Later, a procedure was done to stop his internal bleeding. As to his shoulder, plaintiff's IRR states that he received an MRI, a CAT scan, and an x-ray, and that surgery occurred on January 3, 2019 to repair a tear.

The attached IRR response states that plaintiff's shoulder pain was initially treated with ibuprofen. (Docket No. 1-1 at 2). Later, the site physician prescribed meloxicam, after plaintiff continued to complain of pain. When plaintiff described worsening pain, plaintiff was prescribed prednisone. On July 31, 2018, plaintiff was seen by medical for severe constipation, and was later sent out for a bowel obstruction. On August 6, 2018, a gastrointestinal bleed was noted, and the ibuprofen and meloxicam was stopped, replaced by Tylenol and tramadol. The IRR response further notes that, with regard to plaintiff's shoulder, plaintiff was given a Kenalog injection, received an MRI, had surgery on January 3, 2019, and had surgery follow-up on January 16, 2019 and February 27, 2019.

Following the IRR response, plaintiff filed a grievance, in which he states that medical did not resolve his problem, "but created a more serious problem." (Docket No. 1-1 at 4). He accused medical staff of misdiagnosing his shoulder pain, and of delaying treatment in such a way as to subject him to a "near death experience."

The grievance response attached to the complaint notes that the prescribing of anti-inflammatory drugs is a common treatment for musculoskeletal pain. (Docket No. 1-1 at 5). However, such drugs have side effects. Based on plaintiff's history of gastrointestinal bleeding, the grievance response states that plaintiff would no longer be prescribed nonsteroidal anti-inflammatories.

Plaintiff's attached grievance appeal repeats his earlier contentions that his condition was

misdiagnosed and that he received improper medication. (Docket No. 1-1 at 6). The attached grievance appeal response notes that plaintiff had received x-rays, lab tests, an MRI, and injections, as well as being seen by the healthcare provider multiple times. (Docket No. 1-1 at 7). It further explains that the treatment plaintiff received for his shoulder injury was standard and common. When it was determined that plaintiff had a gastrointestinal bleed, plaintiff's medication was changed. The grievance appeal response also states that plaintiff has had several follow-up appointments, and that his condition has been closely monitored.

As a consequences of defendants' purported actions, plaintiff states that he experienced pain and suffering, "throwing up feces," and a bleeding ulcer. He further states that he almost died. (Docket No. 1 at 4).

Plaintiff seeks to have Nurse Practitioner Hill "removed and replaced" from SECC. (Docket No. 1 at 5). He also seeks $2.5 million in damages.

### Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983. He alleges that Corizon and Nurse Practitioner Hill were deliberately indifferent to his serious medical needs. For the reasons discussed below, this action will be dismissed without prejudice for failure to state a claim.

### A.  Claim Against Corizon

A corporation acting under color of state law, such as Corizon, cannot be liable on a respondeat superior theory. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993)

(stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983").

Here, plaintiff has not demonstrated that his constitutional rights were violated due to a Corizon policy, custom, or official action. More to the point, plaintiff has not presented any factual allegations against Corizon at all. Instead, plaintiff asserts only a legalistic conclusion, stating that Corizon "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal[,] unconstitutional, and inhumane conditions, actions, [policies], customs and practice that prevail with SECC inmates." Such pleading is not sufficient to state a claim. *See Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010) (explaining that to state a cause of action, a "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice"). Therefore, plaintiff's claim against Corizon must be dismissed.

### B.  Official Capacity Claim Against Nurse Practitioner Hill

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public

official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, Nurse Practitioner Hill is alleged to be employed by Corizon. As such, plaintiff's official capacity claim against her is actually a claim against Corizon itself. However, as explained above, plaintiff has failed to state a claim against Corizon, because he has presented no facts showing that his injury was caused by a Corizon policy, custom, or official action. Therefore, the official capacity claim against Nurse Practitioner Hill must be dismissed.

**C.  Individual Capacity Claim Against Nurse Practitioner Hill**

Plaintiff alleges that Nurse Practitioner Hill was deliberately indifferent to his serious medical needs. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care

provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff has failed to state a valid claim under the Eighth Amendment. To begin, most of the so-called allegations against Nurse Practitioner Hill consist of vague assertions and unsupported legal conclusions. For instance, his statement that Nurse Practitioner Hill "failed to properly diagnose, treat, delayed, and denied proper medical treatment by [resorting] to a less efficacious treatment (Pain Pills) in an attempt to save money," simple states a cause of action, without any factual enhancement. This is inadequate to state a claim. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Likewise, he states that Nurse Practitioner Hill "caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, [policies], customs, and practices" of Corizon, without ever describing what Nurse Practitioner Hill actually did or did not do.

Construing plaintiff's allegations liberally, it appears he is accusing Nurse Practitioner Hill of two separate misdeeds. First, he contends that she wrongly prescribed him medication that caused a bleeding ulcer. Second, he states that Nurse Practitioner Hill released him back to his housing unit without physician authorization. Neither allegation states a claim.

Plaintiff's assertion that Nurse Practitioner Hill gave him medication that caused a serious

side effect does not establish deliberate indifference. There are no facts showing that the prescribing of anti-inflammatories for plaintiff's shoulder pain was improper, much less that such an act was "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." To the contrary, the exhibits plaintiff has attached to his complaint attest that the prescribing of nonsteroidal anti-inflammatories for musculoskeletal pain is a standard treatment. Clearly, plaintiff disagrees with this treatment decision; however, such disagreement does not implicate the constitution. *See Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (stating that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation"); and *Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation").

Moreover, even if plaintiff had presented facts that Nurse Practitioner Hill should have prescribed some other medication, there is no indication that Nurse Practitioner Hill prescribed the anti-inflammatories with an intent to injure plaintiff. In other words, the most that plaintiff can demonstrate is that Nurse Practitioner Hill acted negligently. However, negligence or inadvertence does not constitute deliberate indifference. *Kulkay*, 847 F.3d at 643. *See also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment, and that a "prisoner must show more than negligence, more even than gross negligence," to rise to the level of a constitutional violation); and *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) ("Negligent misdiagnosis does not create a cognizable claim under § 1983").

As to the claim – contained in plaintiff's attached IRR – that Nurse Practitioner Hill released him back to his housing unit without physician authorization, there are no facts to establish

that this action constituted deliberate indifference. That is, other than the bare statement that Nurse Practitioner Hill released him back to his housing unit, plaintiff makes no attempt to explain why this was inappropriate. Simply acting without physician authorization is not sufficient. Rather, as noted above, deliberate indifference requires the demonstration of actions that were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." This can be shown by presenting facts regarding the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. Plaintiff has presented no such facts. At most, it appears that plaintiff is alleging that Nurse Practitioner Hill was negligent. However, negligence, even gross negligence, does not rise to the level of an Eighth Amendment violation.

The bulk of plaintiff's "Statement of Claim" is a conclusory recitation of various medical failings, without any complementing facts. Though plaintiff asserts otherwise, there are no facts indicating a failure to treat plaintiff's condition, or that treatment was delayed or denied in any way. To the contrary, plaintiff's own exhibits list a number of interventions belying his conclusions. Specifically, he was seen by medical professionals on numerous occasions; received various medications, which were changed as needed over the course of treatment; received an injection; was given an MRI; and had surgery. The only thing that plaintiff has demonstrated is that he suffered side-effects from medications he was prescribed. This alone does not rise to the level of a constitutional violation. Moreover, based on plaintiff's own exhibits, those side-effects were treated, and his medication was subsequently altered. For these reasons, plaintiff's individual capacity claim against Nurse Practitioner Hill must be dismissed.

### D.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $9.99 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of May, 2020.

 

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE